NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**
SEP 19 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-264-KSF

MIQUEL DWYNE SHEARER                                                      PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

MORGAN COUNTY CIRCUIT COURT                                          DEFENDANTS

Miquel Dwyne Shearer, an individual currently confined at the Roederer Correctional Complex in LaGrange, Kentucky, has filed several *pro se* letters which the Court has striven to construe broadly as pleadings intended to initiate an action pursuant to 42 U.S.C. §1983. He has also submitted forms seeking to proceed *in forma pauperis*.

This matter is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, the screening statute provides for summary dismissal if, *inter alia*, the complaint fails to state a claim upon which this Court may grant relief. 28 U.S.C. §1915A(b)(1). Such is exactly the case herein.

FACTUAL ALLEGATIONS

In his first submission [Record No. 1], filed while he was a prisoner at the Fayette County Detention Center (FCDC) in Lexington, Kentucky, the plaintiff asks the Clerk of this Court for

assistance in obtaining a copy of an order which was entered in Morgan County Circuit Court, Case No. 05-CI-057 and dated June 21, 2005, so that he may file an appeal in the "appropriate" court. His next submission [Record No. 3] is a copy of a letter which he wrote to a Ms. Rose, Offender Records Supervisor at the Eastern Correctional Complex, about his good time credit award(s).

In response to this Court's deficiency order of July 11, 2005, the plaintiff returned the court-supplied form for applying to proceed *in forma pauperis* and a print-out showing transactions in his inmate account at the FCDC for a 20-day period. Record Nos. 4-5. Attached to the first of these submissions are (1) a copy of another letter to the Clerk of this Court, this letter complaining of his mail being opened at the FCDC; (2) an August 4, 2005 administrative request to the FCDC for a copy of the Morgan County Circuit Court judgment; and (3) copies of the docket and final June 21, 2005 Order in Morgan County Circuit Court, *Shearer v. Sgt. T. Jenkins*, No. 05-CI-057.

## DISCUSSION

This plaintiff has already taken up enough of the Court's time, without any assertion of the basis of jurisdiction and without complying with the Court's deficiency order.

To the extent the Court construes that the plaintiff seeks to have this Court review the constitutionality of Morgan Circuit Court's Order of June 21, 2005, he is advised that the *Rooker-Feldman* doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

2

Also, the plaintiff was directed to submit institutional statements of his inmate accounts "for the last six months." Record No. 2. Despite the plaintiff's own documents[1] suggesting that he has been incarcerated well over a year, he has not supplied the information for the 6-month period he was ordered to supply; rather, he has supplied information only for a 20 day period, from June 30th to July 20th of 2005. Additionally, the time has run for him to further comply, and he has not sought an extension of time in which to do so. Without providing more information, this Court is unable to decide his indigency and has no basis on which it may grant the motion or forgive prepayment of the fee.

Therefore, the plaintiff's motion will be denied and his action will be dismissed.

## WARNING

The prisoner-plaintiff herein should take notice of a statutory limitation on his continuing to submit documents on various topics to the Clerk of this Court, without stating a claim upon which this Court may grant relief and without obeying the Orders of this Court. In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress provided as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 613, 1997 WL 309600 (6th

---

[1] Last year Miquel Dwyne Shearer filed *Shearer v. Kelly, et al.*, Lex. No. 04-CV-256-KSF, in this Court. Therein, he challenged the revocation of his parole in the Spring of 2004. He appears to have been incarcerated continuously since then, not just for the 20-day period for which he has supplied financial information herein.

3

Cir. June 11, 1997) (affirming district court's dismissal under 28 U.S.C. §1915(g), among other grounds, "in all respects").

The instant action is the ninth one which Plaintiff Shearer has initiated in this Court since 1988 and the fifth one since the PLRA created the §1915(g) limitation on prisoner lawsuits. Because the plaintiff has, on at least the last two occasions while incarcerated or detained in a facility, brought actions that were dismissed as frivolous or for failure to state a claim,[2] he is hereby on notice hereafter that because the instant action will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §1915(e), he has now met the limit of 3 permitted actions. The prisoner-plaintiff may file no more civil actions, under 28 U.S.C. §1915, unless under imminent danger of serious physical injury.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The plaintiff's motion to proceed *in forma pauperis* [Record No. 4] is **DENIED**.

(2) This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 16 day of Sept., 2005.

KARL S. FORESTER, SENIOR JUDGE

---

[2] This plaintiff's most recent actions, *Shearer v. Combs*, Lex. No. 00-CV-232-KSF and *Shearer v. Kelly*, Lex. No. 04-CV-256-KSF, were both civil rights actions which were brought *in forma pauperis* and dismissed *sua sponte* for failure to state a claim.

4